IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANNA L. JACKSON,

    Plaintiff,

-vs-

Civil Action No. 17-1349

NANCY A. BERRYHILL,[1]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since January 19, 2013. (ECF No. 5-5, p. 8). Administrative Law Judge ("ALJ"), Monica D. Jackson, held a video hearing on March 21, 2017. (ECF No. 5-2, pp. 28-53). On April 26, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 11-19).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Weighing of Opinion Evidence

Plaintiff argues that the ALJ erred in giving little weight to her treating physician, Dr. Orr, while giving great weight to the opinion of the state agency psychologist consultant. (ECF No. 9, pp, 9-10). Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion

3

is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff suggests that the ALJ erred in assigning great weight to the state agency psychologist's opinion, Dr. Schnepp, because he did not personally examine Plaintiff alleging that "[t]o grant any more than minimal weight to a non-treating, one-time physician's opinion undermines the Claimant's entire treatment history." (ECF No. 9, pp. 9-10). Additionally, Plaintiff argues that Dr. Schnepp's opinion should not have been granted great weight because he did not review treatment records subsequent to the date of his opinion. (ECF No. 9, p. 9).

4

Neither of the reasons is compelling. A treating doctor's opinion is not automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Additionally, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Consequently, I find these suggestions are without merit.

With regard to the treating physician, Dr. Orr, Plaintiff argues that the ALJ erred in giving his opinion little weight because the ALJ performed only a cursory review of Dr. Orr's record. (ECF No. 9, p. 9). In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so to allow a reviewing court to conduct a meaningful and proper review. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. The ALJ gave Dr. Orr's opinion little weight because it was not consistent with the medical evidence as a whole explaining that "the claimant attended outpatient counseling sessions at various times from August 2011 through March 2016, which consistently revealed generally normal mental status findings with intact judgment, good reliability, logical thought processes and normal behavior (Exhibits B3F and B6F)." (ECF No. 5-2, p. 17). This is a proper method of evaluating opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion

5

Evidence). I find I am able to make a meaningful review and further find that basis for the ALJ's opinion is supported by substantial evidence. (ECF No. 5-2, pp, 11-19). Consequently, I find am not persuaded by Plaintiff's argument in this regard.

### D.     Residual Functional Capacity ("RFC")

Plaintiff next argues that the ALJ erred in assessing her residual functional capacity ("RFC").[2] (ECF No. 9, p. 10). The RFC determination is a question to be answered by the ALJ based on all of the evidence of record. 20 C.F.R. §§404.1527, 416.927. Without more, Plaintiff asserts that ALJ failed to take proper consideration of her non-exertional limitations of depression, bipolar disorder, ADHD and anxiety. (ECF No. 9, p. 10). Simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). In this case, the ALJ found that Plaintiff's depression, bipolar disorder, ADHD and anxiety to be severe and further found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with certain nonexertional limitations:

> she can understand, remember and carry out simple instructions and make simple, work-related decisions. The claimant can sustain an ordinary routine without special supervision. The clamant can work at a consistent pace throughout the workday, but not at production rate pace where each task must be completed within a strict time deadline. The claimant can tolerate occasional interaction with co-workers, supervisor and the general public. The claimant can perform no work involving shared tasks with co-workers, can tolerate occasional changes in the work setting, and can maintain attention and concentration for 2-hour segments before and after the normal morning, lunch and afternoon breaks. The claimant can tolerate occasional changes in workstation at the worksite, but no changes in the location of the worksite.

(ECF No. 5-2, p. 15). In support of her position that she cannot perform said RFC, Plaintiff pointed to the opinion of Dr. Orr, which the ALJ rejected, and her testimony.

[The] question is not whether substantial evidence supports Plaintiff's claims, or

---

[2]RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

6

> whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced. Nonetheless, after a review of the record, I find there is substantial evidence of record to support the ALJ's RFC determination. (ECF No. 5-2, pp.11-19). Thus, I find no error in this regard.

### E. **Activities of Daily Living**

Finally, Plaintiff essentially suggests that the ALJ mischaracterized Plaintiff's activities of daily living. (ECF No. 9, p. 11). An ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ noted the following:

> Further, despite the claimant's allegations, she can perform a number of daily activities. The claimant reported that making her lists helps encourage her to complete chores such as dusting, cleaning, vacuuming and doing laundry (Exhibit B4E). The claimant also reported she cares for pets, cares for personal needs with minimal difficulty, occasionally cooks, shops for groceries with her husband, counts change and uses a computer to play games/work (Exhibits B4E and Testimony).

(ECF No. 5-2, p. 17). I do not find this to be a mischaracterization. *Id.* I further find this statement to be supported by substantial evidence. *Id.* Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DIANNA L. JACKSON,  )
         Plaintiff,  )
  -vs-  )    Civil Action No. 17-1349
NANCY A. BERRYHILL,[3]  )
COMMISSIONER OF SOCIAL SECURITY,  )
         Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of December, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.